IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIMON AGUIRRE,

    Plaintiff,

  v.

SAN LEANDRO POLICE DEPARTMENT, JASON KRITIKOS, ROBERT MCMANUS and PETE BALLEW,

    Defendants.

No. 10-04364 CW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT AND GRANTING LEAVE TO AMEND

    Defendants City of San Leandro,[1] and Officer John Kritikos, Sergeant Robert McManus and Lieutenant Pete Ballew move to dismiss Plaintiff's First Amended Complaint (1AC) and, in the alternative, move for a more definite statement.[2]  Plaintiff Simon Aguirre, proceeding pro se, opposes the motion.  The motion was taken under submission and decided on the papers.  Having considered all the papers filed by the parties, the Court grants Defendants' motion to dismiss and for a more definite statement and grants Plaintiff leave to file a second amended complaint.

---

[1] Defendant City of San Leandro indicates that it is incorrectly sued as San Leandro Police Department.

[2] Plaintiff filed a complaint and his 1AC in state court.  Defendants removed the 1AC.

BACKGROUND

The following facts are taken from the allegations in Plaintiff's 1AC. Defendants McManus and Ballew work for the City of San Leandro Police Department (SLPD). On April 28, 2009, Plaintiff was in the lobby of the SLPD to express concern over the death of his brother, Henry J. Aguirre. Defendant McManus "negligently and carelessly made comments such as 'I will not have some one like you come into my office.'" Comp. at 2. This comment took away Plaintiff's "vital rights such as the right not to be victim of racial discrimination." Id.

An untrained officer had told Plaintiff's family, on the night of Henry Aguirre's death, that it was a possible homicide. But, in a telephone conversation, Sgt. McManus and Lt. Ballew told Plaintiff that his brother's death was a "drug house drug overdose."

On July 20, 2009, Plaintiff was again in the lobby of the SLPD to express his concern and file a complaint against untrained officers. Lt. Ballew, "negligently and carelessly, made comments such as 'I will not allow you to make any more comment/complaints, I will not waist [sic] three weeks of resources, you need to get over it.'" Id. Lt. Ballew's comments took away Plaintiff's "vital rights such as the right not to be deprived of the vote or of free speech." Comp. at 1, 2.

As a proximate result of Defendants' acts, Plaintiff was hurt and injured in his health, strength and activity, which have caused and will continue to cause Plaintiff great mental, physical and nervous pain and suffering. Comp. at 3. As a result of this pain

2

and suffering, Plaintiff has been rendered permanently disabled and his earning capacity has been greatly impaired.

Plaintiff does not specify the claims he asserts. He alludes to racial discrimination; Title VI of the Civil Rights Act of 1963, 42 U.S.C. § 2000d; the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 2789d(c); and deprivation of his rights to free speech and to vote.[3] Defendants characterize Plaintiff's complaint as asserting an Equal Protection claim under the Fourteenth Amendment and a freedom of speech claim under the First Amendment. The Court will address these two claims and possible claims under Title VI and 42 U.S.C. § 2789d(c).

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere

---

[3] The right to vote is not implicated by the allegations in this complaint and will not be addressed.

3

conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

### I. Equal Protection Claim

Defendants move to dismiss this claim because Plaintiff's allegation that Sgt. McManus negligently and carelessly made comments such as, "I will not have some one like you come into my office," is insufficient to state a claim under the Fourteenth Amendment's Equal Protection Clause.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state

4

law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985). A plaintiff alleging denial of equal protection in a claim under 42 U.S.C. § 1983 must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. <u>Monteiro v. Tempe Union High School Dist.</u>, 158 F.3d 1022, 1026 (9th Cir. 1998). Also, the plaintiff must allege that the defendant state actor acted at least in part because of the plaintiff's membership in a protected class. <u>Serrano v. Francis</u>, 345 F.3d 1071, 1081-82 (9th Cir. 2003).

In his opposition, Plaintiff argues that he is prepared to show that McManus and Ballew used racial discrimination, intimidation and harassment to cover up their mistakes in the investigation of Henry Aguirre's death, in the hope that Plaintiff would go away while Henry Aguirre's murderer remained free. Plaintiff argues that McManus' statement to him, "I will not have someone like you come into my office," was motivated by the fact that Plaintiff is Mexican.

Although this clarifies that Plaintiff is a member of a protected class, he has alleged no facts that raise an inference of discriminatory motive on the part of McManus or Ballew, or an inference that similarly situated people were treated differently

5

by them. Accordingly, Plaintiff's equal protection claim is dismissed. Plaintiff is given leave to amend to cure these deficiencies, if he can truthfully do so without contradicting the allegations in his 1AC.

II. Title VI of the Civil Rights Act

Title VI and the Equal Protection Clause of the Fourteenth Amendment are coextensive in their protection of individual liberties. Regents of University of California v. Bakke, 438 U.S. 265, 287 (1977). Title VI provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. To state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir. 1994). Unlike claims under the Equal Protection Clause which must plead intentional discrimination, Title VI claims need only allege that the defendant is engaging in discrimination, although a showing of intent is necessary at trial. Monteiro, 158 F.3d at 1026. Because Title VI is directed at programs that receive federal assistance, there is no right of action against individual employees or agents of those entities. Clemes v. Del Norte County Unified Sch. Dist., 1994 WL 317546, *4-5 (N.D. Cal.); Johnson v. Telew, 2007 WL 414346, *3 (D. Or.).

Therefore, the Title VI claim against individual Defendants is dismissed with prejudice. Furthermore, the Title VI claim against

6

the City of San Leandro is dismissed because Plaintiff has failed to allege discrimination or that it receives federal financial assistance. Plaintiff is granted leave to amend the Title VI claim against the City to correct this deficiency, if he can truthfully do so.

III. Claim Under 42 U.S.C. § 3789d(c)

Title 42 section 3789d(c) of the United States Code provides:

> No person in any State shall on the ground of race, color, religion, national origin, or sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under or denied employment in connection with any programs or activity funded in whole or in part with funds made available under this chapter.

Section 3789d concerns discriminatory behavior of law enforcement agencies that receive funding under the United States Department of Justice, Office of Justice Programs (OJP). Jones v. Jones, 2004 WL 3214457, *4 (E.D. Va.). An aggrieved person may bring a civil action after exhaustion of administrative remedies, which involves filing an administrative complaint with the OJP or any other administrative enforcement agency. Sims v. Montgomery County Comm'n, 873 F. Supp. 585, 608 (M.D. Ala. 1994) (citing 42 U.S.C. § 3789d(c)(4)(A)).

Plaintiff fails to allege that the SLPD receives federal funding from the OJP or that he has exhausted his administrative remedies before filing this civil complaint. Therefore, this claim is dismissed. Plaintiff is granted leave to amend to cure these deficiencies, if he truthfully can do so.

IV. First Amendment Claim

Governmental action intended to chill or retaliate against

7

political expression implicates the First Amendment protection against abridgement of free speech. <u>Mendocino Environmental Center v. Mendocino County</u>, 14 F.3d 457, 464 (9th Cir. 1994). In order to survive a motion to dismiss a First Amendment free speech claim, a plaintiff must plead that a government official sought to chill protected speech. <u>Soranno's Gasco, Inc. v. Morgan,</u> 874 F.2d 1310, 1314 (9th Cir. 1989). Although individuals "may not recover merely on the basis of a speculative 'chill' due to generalized and legitimate law enforcement initiatives," discrete acts by state agents directed solely at silencing an individual's political expression may constitute a cognizable claim for violations of First Amendment rights. <u>Mendocino Environmental Center</u>, 14 F.3d at 464.

Defendants argue that the allegation that Lt. Ballew negligently and carelessly mentioned that Plaintiff could not make statements about the police investigation of his brother's death is insufficient to implicate the First Amendment because the focus is on the police investigation, not on Plaintiff's speech, and, thus, he is not challenging a restraint of his speech. Plaintiff argues that Lt. Ballew's statement took away his right to complain about police procedure. However, he also states that, after Lt. Ballew made this comment, Plaintiff went home and filled out a written complaint against him.

Plaintiff fails to allege that Lt. Ballew's statements were directed at silencing Plaintiff's ability to speak about the police investigation of his brother's death. Therefore, this claim is dismissed. Plaintiff is granted leave to amend to cure this

8

deficiency, if he truthfully can do so.

## V. Officer Kritikos

Plaintiff fails to include any allegations about Officer Kritikos in his complaint. Also, in his opposition, Plaintiff does not mention Officer Kritikos. Therefore, any claims against Officer Kritikos are dismissed with leave to amend.

## VI. Motion for More Definite Statement

"[T]he proper test in evaluating a motion for a more definite statement under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). "Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A Rule 12(e) motion may be granted, however, "where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." Id.

Plaintiff's allegations are so general that they create ambiguity in determining the nature of the claims asserted. Therefore, the motion for a more definite statement is granted. If Plaintiff chooses to file an amended complaint, he must follow the instructions below.

## CONCLUSION

Based on the foregoing, Defendants' motions to dismiss and for a more definite statement are granted. Docket no. 8. Plaintiff is granted leave to file an amended complaint to cure the deficiencies

9

noted above.  If Plaintiff chooses to file an amended complaint, he must list each claim in a separate section and, under each claim, he must specify which Defendant is being sued and the specific conduct of each Defendant that violated his rights.  Furthermore, if Plaintiff chooses to file an amended compliant, he must do so within twenty-one days from the date of this order.  If he fails to file an amended compliant within this time, his case will be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated: 2/22/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

AGUIRRE et al,

        Plaintiff,

v.

CITY OF SAN LEANDRO et al,

        Defendant.

Case Number: CV10-04364 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Simon Aguirre
2306 West Avenue 135th
San Leandro, CA 94577

Dated: February 22, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

11